UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON


ROBERT C. HUMPLE,

      Plaintiff,

v.                          Case No. 2:11-cv-00477

ERIC MUECK, a/k/a Howard Ely,
INTERNATIONAL LIBRARY OF POETRY,
NATIONAL LIBRARY OF POETRY,
ALEX HANLEY, and
POETRY.COM,

      Defendants.


PROPOSED FINDINGS AND RECOMMENDATION

On July 12, 2011, the plaintiff filed a document with the Clerk, entitled "Third Amendment Complaint Form," even though the plaintiff had not previously filed a complaint against these defendants. Nonetheless, the Clerk filed the document as a "complaint" and assigned it a case number. (ECF No. 1.) The plaintiff has also filed an application to proceed without prepayment of fees and costs, ECF No. 4.

The "complaint" is obviously taken from Macklin v. Mueck, No. 00-14092-CIV-MOORE, (S.D. Fla. Nov. 21, 2005), aff'd, No. 05-17161 (11th Cir. Aug. 29, 2006), which was settled. The plaintiff in that case, Eric V. Macklin, who was then an inmate of the Florida Department of Corrections and who is now on parole, sued these same defendants for copyright infringement. In Macklin, there was no

adjudication on the merits; default judgment was entered against the defendants because their attorneys failed to comply with two orders entered by the court.

The undersigned declines to waste the court's time and resources on such frivolous litigation.  It is apparent from reading the promotional material which the plaintiff has filed that the defendants' business consists of congratulating aspiring poets on their talent, announcing that a "Selection Committee" has certified a person's poem as a "semi-finalist" in their poetry contest, informing the person that he has an "excellent" chance of winning a $1,000 prize, and (imagine this!) stating their desire to publish the poem in a book.  ECF No. 1, at 4-5; ECF No. 7-1, at 1-2.  While of course there is **NO OBLIGATION**, the person surely wants to purchase a "classic, coffee-table quality hardbound volume – printed in two colors on fine-milled paper specifically selected to last for generations."  Id.  The poet may provide personal information about himself, which is printed on a separate page, for which there is a "nominal typesetting fee."  No doubt the poet is warmed by the Selection Committee's final comments that the poet has "a special talent" and they look forward to publication of his poem.  Id.

The plaintiff's poem is titled "Lover," and the letter of congratulations to him from the International Library of Poetry is dated August 14, 2008.  Id.  At the bottom of the second page of

2

the letter is the inscription, "'Lover' Copyright © 2008 Robert C. Humple." The letter assures the plaintiff that his poem "remains your property." The book is published as a compilation; the letter informs the plaintiff that he "retains the copyright" to his work. Id.

The plaintiff has also filed his "Notice of Proof of Damages," in which he asserts that the plaintiff "had not received no prize." ECF No. 7, at 1. Apparently the plaintiff believes that because he submitted a poem, and because another prisoner filed a suit against these defendants and may have had some success (due to the defendants' attorneys failure to comply with various court orders), then this plaintiff should receive statutory damages in the amount of $150,000. ECF No. 6. The plaintiff's claims are meritless and frivolous. He submitted a poem to a vanity press for publication, it may have been published (there is no proof of that), it may have been copyrighted in the plaintiff's name (there is no proof of that), and now he wants damages for alleged copyright infringement.

Claims for copyright infringement are provided for under 17 U.S.C. § 501. This is because

> [t]he Copyright Act affords protection to "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated." 17 U.S.C. 102(a). A plaintiff claiming copyright infringement must establish "ownership of the copyright by the plaintiff and copying by the defendant." Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1065 (4th Cir.1988).

<u>Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.</u>, 618 F.3d 417, 428 (4th Cir. 2010).  However, "[r]egistration is a prerequisite for a copyright infringement action."  <u>Darden v. Peters</u>, 488 F.3d 277, 285 n.3 (4th Cir. 2007) (citing 17 U.S.C. § 411, providing that "[e]xcept for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.").[1]  <u>See also</u> <u>Bouchat v. Bon-Ton Dept. Stores, Inc.</u>, 506 F.3d 315, 330 (4th Cir. 2007) (noting that while, under the 1976 Copyright Act, relief for copyright violations that occurred before registration and publication can be obtained, "[t]he registration requirement is important to the statutory scheme.  A person registers by filing a form with the U.S. Copyright Office.  Registration promotes orderly resolution of copyright disputes because it creates a permanent record of the protected work, putting the world on constructive notice of the copyright owner's claim." (internal citation omitted)); <u>Salinger v. Random House, Inc.</u>, 811 F.2d 90, 93 (2d Cir. 1987) (noting that, when reclusive author J.D. Salinger learned that an unauthorized biography of him used his unpublished letters

---

[1] Section 106A(a) in inapplicable here, as that provision solely involves "the author of a work of visual art."  Subsection (b) of Section 411 is also inapplicable in this instance, inasmuch as it pertains to validity of a certificate of copyright registration.

4

without permission, Salinger made sure to "[register] 79 of his unpublished letters for copyright protection" before eventually filing suit).

The plaintiff has pled no facts, let alone facts with specificity, that he obtained a copyright registration for the poem in question. This flaw is fatal. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to state a claim for copyright infringement for which relief may be granted.

It is respectfully **RECOMMENDED** that this case be dismissed with prejudice for failing to state a claim upon which relief can be granted and as being frivolous, and the plaintiff's application to proceed without prepayment of fees and costs (ECF No. 4) be denied.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which

objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to opposing counsel and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.


October 26, 2011
        Date

Mary E. Stanley
United States Magistrate Judge

6