IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON   DIVISION

ROBERT C. HUMPLE

      Plaintiff,

v.             CIVIL ACTION NO. 2:11-cv-00477

ERIC MUECK, et al.,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

   This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge submitted proposed findings of fact and has recommended that the court **DISMISS** the plaintiff's complaint with prejudice, and **DENY** the plaintiff's application to proceed without prepayment of fees and costs [Docket 4].

   On November 3, 2011, the defendant filed timely Specific Objections to the Proposed Findings and Recommendation.

**I.**  **Background**

   After de novo review of the portions of the Magistrate Judge's Proposed Findings of Fact and Recommendations ("report") to which objections were filed, the court **ADOPTS** the statement of relevant facts and procedural history set forth in the report.  The detailed account provided by the Magistrate Judge therein requires only a brief summary.

Plaintiff, Robert C. Humple, submitted a poem entitled "Lover" to the International Library of Poetry. On August 14, 2008, Plaintiff received a letter from this organization informing him that a "Selection Committee" had certified his poem as a "semi-finalist" in their poetry contest and expressing a desire to publish the poem in a book.

On July 12, 2011, the plaintiff filed a pro se Complaint naming Eric Mueck, International Library of Poetry, Alex Hanley, and Poetry.com as defendants. The Complaint asserts that the defendants infringed upon plaintiff's copyright in violation of 17 U.S.C.S. § 504(c). Plaintiff seeks statutory damages for this alleged infringement.

## II.     Legal Standard

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the report *de novo*, this court will consider the fact that the plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## III.    Analysis

Plaintiff makes three objections to the Magistrate Judges report. First, he asserts that his Complaint adequately shows that he submitted his poem to the defendants and that they published

his poem on their website and in print. Second, the objection faults the Magistrate Judge for failing to address the profit defendants derived from plaintiff's poem. Finally, the objection challenges the Magistrate Judge's conclusion that plaintiff has pled insufficient facts to indicate that he obtained a copyright registration for the poem in question.

The first two arguments are irrelevant to the conclusions reached by the Magistrate Judge. With respect to the third argument, the plaintiff simply has offered no evidence that he obtained a copyright registration for the poem. "Registration is a prerequisite for a copyright infringement action." *Darden v. Peters*, 488 F.3d 277, 285 n.3 (4th Cir. 2007). The plaintiff points only to a letter sent by defendants on August 14, 2008, which includes the word "copyright" numerous times in various contexts. This letter, however, contains no evidence that plaintiff obtained copyright registration for his poem "Lover." Therefore, as the Magistrate Judge correctly concluded, plaintiff's failure to plead any facts that suggest such registration has been obtained is a fatal flaw to his complaint.

The plaintiff has provided no evidence of copyright registration. Accordingly, the plaintiff's complaint is hereby **DISMISSED.** For the reasons above, I **ADOPT** the Magistrate Judge's Proposed Findings and Recommendations with respect to the plaintiff's copyright infringement claim and **DENY** the plaintiff's application to proceed without prepayment of fees and costs.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     June 8, 2012

Joseph R. Goodwin, Chief Judge